```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```

GERALD JONES,

        Petitioner,        **MEMORANDUM AND ORDER**
                                              15-CV-6330 (KAM)
-against-

WARDEN OF OBCC RIKERS,

        Respondent.
```
----------------------------------------------------------------X
```
**MATSUMOTO, United States District Judge**:

        On October 30, 2015, petitioner Gerald Jones, incarcerated at Otis Bantum Correctional Center at Rikers Island, commenced this action pursuant to 28 U.S.C. § 2254 challenging his ongoing detention and criminal action in Kings County. The Court's Order dated November 24, 2015, is hereby vacated as it was issued in error. Petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. However, because petitioner has neither been convicted nor sentenced, the Court dismisses the petition without prejudice as premature.

## DISCUSSION

        In order to bring a § 2254 petition for a writ of habeas corpus, a petitioner "in custody pursuant to the judgment of a State court" must exhaust the remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b). To

1

meet the exhaustion requirement, federal claims must generally be presented to the highest state court before a federal court may consider the petition. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney General*, 696 F.2d 186, 190-92 (2d Cir. 1982).

Here, petitioner was sentenced in March 1990 for robbery in the first and second degree. (*See* ECF No. 1, Petition ("Pet."), Ex. A.) He was released to supervision in March 2013. (*Id.*) On September 4, 2015, petitioner was arrested for assault in the third degree, criminal obstruction of breathing or blood circulation, attempted assault in the third degree, criminal mischief in the fourth degree, menacing in the third degree, and harassment in the second degree. (*Id.*) These charges stem from petitioner's alleged strangulation of another individual. (*Id.*) Petitioner also alleges he was arrested on October 6, 2015, on a parole warrant. (Pet. At 4.)

It is unclear from the petition if petitioner is incarcerated because of his parole violation or because of the separate pending charges related to the alleged assault and strangulation, or both. Petitioner's challenge, however, appears to be exclusively centered on the pending assault and strangulation-related charges. He contends, in sum and substance, that there is insufficient evidence of physical injury to the purported victim to support a conviction. (*See* Pet. at 5

("Information charging def with 3rd degree assault is insufficient where the state failed to contain hospital report of physical injuries to complainant witness . . . ."). The event leading to petitioner's arrest on these charges occurred only three months ago, in September 2015, and according to the New York State Unified Court System's website, petitioner's next appearance in Kings County Criminal Court will be on December 21, 2015.[1] Accordingly, petitioner is not challenging an incarceratory sentence pursuant to a state court judgment and has not exhausted his state remedies.

Therefore, because there is no indication that petitioner has been convicted of the offense with which he is charged or that he has exhausted his state court remedies, both of which are necessary to the filing of a petition under § 2254, the instant petition is premature and is therefore dismissed without prejudice.[2] *See* 28 U.S.C. § 2254; *Posr v. New York*, No. 13- CV-5143, 2014 WL 3734513, at *2 (E.D.N.Y. July 25, 2014) (habeas petition must be dismissed because petitioner not in custody pursuant to a state court judgment); *Holmes v. Demarco*, No. 13-CV-0401, 2013 WL 2154882, at *2 (E.D.N.Y. May 14, 2013) (habeas

---

[1] *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited December 11, 2015).
[2] Petitioner is further advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") signed into law on April 24, 1996, provides a one-year statute of limitations for seeking federal habeas corpus review of a state court judgment, which runs from the date a conviction is made final. *See* 28 U.S.C. 2244(d).

3

petition must be dismissed as premature where petitioner has neither been convicted nor has he exhausted his state court remedies); *Williams v. Horn*, No. 06-CV-3068, 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006) ("[B]ecause the criminal proceedings are ongoing, there has been no judgment or adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is premature."); *see also* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

## CONCLUSION

Accordingly, the Court's November 24, 2015 Order is hereby vacated and the petition for a writ of habeas corpus is dismissed without prejudice as premature. No response is required from respondent. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed serve petitioner a copy of this order, note service on the docket, and close this case.

SO ORDERED.

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated:

December 11, 2015
Brooklyn, New York